**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**AIKEN DIVISION**

| | | |
|---|---|---|
| Adrienne W. Saulsberry, | ) | Civil Action No.: 1:16-cv-02792-JMC |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| Savannah River Remediation, LLC | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Plaintiff's Motion for Attorney's Fees (ECF No. 151) pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure and 42 U.S.C. § 2000e–5(k). Plaintiff filed her Complaint and Summons on August 10, 2016 and August 12, 2016, respectively. (ECF Nos. 1, 3). Plaintiff alleged that Defendant Savannah River Remediation, LLC ("SRR" or "Defendant") intentionally discriminated and retaliated against her, on the basis of her race, by not rehiring her for any positions for which she was qualified that became available after SRR's Reduction in Force ("RIF"). Plaintiff further alleged the SRR retaliated against her because she (1) participated in an internal investigation, (2) filed an internal grievance with SRR; and (3) filed charges of discrimination or retaliation with the Equal Employment Opportunity Commission ("EEOC").

SRR filed its Answer on September 13, 2016. (ECF No. 6). SRR then moved for summary judgment on September 14, 2018. After extensive briefing on the issues and oral argument, on August 7, 2019, the court accepted, in part, and rejected, in part, the Magistrate Judge's Report and Recommendation and granted Defendant's Motion for Summary Judgment as to Plaintiff's claims based on her termination in SRR's 2013 RIF. (ECF No. 90.)

This court denied Defendant's Motion for Summary Judgment as to Plaintiff's Title VII and § 1981 disparate treatment claims based upon (1) intentional race discrimination and (2) retaliation (*Id.*). As such, a trial was held beginning September 23, 2019 and ending on September 28, 2019 on the issues of whether Defendant unlawfully discriminated against Plaintiff because of Plaintiff's race and/or unlawfully retaliated against Plaintiff for engaging in protected activity when SRR failed to rehire her in 2014 and 2015. The jury returned its verdict on September 28, 2019. The jury found in favor of Plaintiff's retaliation claim under Title VII and § 1981 for Defendant's failure to rehire her in 2014 and 2015. Conversely, the jury found that SRR did not discriminate against Saulsberry based on her race under either Title VII or § 1981. The jury awarded Plaintiff back pay in the amount of $420,000.00, compensatory damages in the amount of $55,000.00 and punitive damages in the amount of $1,000,000.00. The total award was $1,465,000.00, plus post-judgment interest at the rate of 1.86%, along with costs. A judgment based upon the jury's verdict was entered on September 30, 2019. (ECF No. 126). Subsequently, on October 25, 2019, Plaintiff filed Plaintiff's Motion for Equitable Relief seeking, amongst other remedies, front pay and injunctive relief. (ECF No. 134). On January 21, 2020, the court issued its Amended Judgment in which it awarded Plaintiff $240,107.00 in front pay, and $55,118.00 in pre-judgment interest. (ECF No. 148).

Plaintiff now seeks to recover attorney's fees as the prevailing party in this action. Specifically, Plaintiff's Motion seeks reimbursement for her counsel's representation in the amount of $267,266.95 in attorney's fees and seeks $218.20 for costs and litigation expenses. (ECF Doc. 129). Defendant's Response to Plaintiff's Motion was due on February 20, 2020. However, Defendant did not file any objections or response. (ECF No. 151).

"In any [Title VII] action ... the court, in its discretion, may allow the prevailing party, a reasonable attorney's fee ." 42 U.S.C. § 2000e–5(k). The court has reviewed counsel's fee petition that was submitted and finds counsel's request for fees are reasonable. Therefore, Plaintiff is entitled to an award of attorney's fees as the prevailing party in the amount of $267,266.95 in attorney's fees and $218.20 for costs and litigation expenses. Therefore, the court **GRANTS** Plaintiff's Motion for Attorney's Fees (ECF No. 151)[1] and **ORDERS** SRR to pay fees to  Plaintiff's counsel within thirty (30) days of this Order. Plaintiff's previous Consent Motion to Amend Plaintiff's Cost Request (ECF No. 143) is **MOOT**.

   **IT IS SO ORDERED.**

                                           *J. Michelle Childs*

                                           United States District Judge

March 2, 2020
Columbia, SC, South Carolina

---

[1] In Plaintiff's Motion, she requested that the court grant her Bill of Costs (ECF No. 129) in conjunction with her Motion for Attorneys' Fees (ECF No. 151), but does not specify the amount sought. Because Plaintiff filed the Bill of Costs separately, the court will address Plaintiff's Bill of Costs separately.